**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Logan Beck<br><br>Debtor. | Case No. 25-11438 MER<br><br>Chapter 7 |

**ORDER OVERRULING OBJECTION TO CLAIM**

  THIS MATTER comes before the Court on the Objection to Proof of Claim filed by Colorado Department of Law and, in the Alternative, Motion for Reconsideration of the Allowance of Claim Pursuant to 11 U.S.C. § 502(j) and Fed. R. Bankr. P. 3008 ("**Objection**") filed by the Debtor and the Court's Order to Supplement ("**Supplement Order**").[1]

  The Debtor filed the instant case on March 19, 2025, under Chapter 7 of the Bankruptcy Code. On September 12, 2025, the State of Colorado (the "**State**") filed a proof of claim for $3,307,557.00 ("**Claim**").[2] The Debtor filed the instant Objection to the Claim on December 8, 2025. In his Objection the Debtor asserts, among other things, the Claim should be disallowed because the State has not obtained a judgment or any other order against the Debtor that supports the amount of its claim, and that the State has failed to establish any underlying right to payment. However, the Debtor did not address why he has standing to object to the State's Claim.[3] Generally, Chapter 7 debtors do not have standing to object to claims unless there is a surplus estate.[4] As such, the Court ordered the Debtor to file a supplement explaining why he has standing to object to the Claim. The Court advised the Debtor that failure to respond to the Supplement Order may result in his Objection being overruled. The Debtor failed to

---

[1] ECF Nos. 44 & 55.

[2] Proof of Claim No. 7-1.

[3] The Court notes the State also did not address the Debtor's standing to object to its Claim in its response to the Objection.

[4] *In re Quintero*, 513 B.R. 127, 133 (Bankr. D.N.M. 2014) ("Typically, a debtor is not a party in interest within the meaning of § 502(a) because the debtor will not receive a distribution from estate assets and therefore has no pecuniary interest in the outcome of the claim objection.") (internal quotations omitted); *see In re Morreale*, Case No. 13-27310-TBM, 2015 WL 3897796, at *7-8 (Bankr. D. Colo. June 22, 2015) (finding that to have standing, the debtor must have a financial interest in the outcome of an order and that Chapter 7 debtors very rarely have standing to object to matters affecting administration of the bankruptcy liquidation.); *McGuirl v. White*, 86 F.3d 1232, 1234 (D.C.Cir. 1996); *In re El San Juan Hotel*, 809 F.2d 151, 155 n. 6 (1st Cir. 1987)).

respond to the Supplement Order by the February 23, 2026, deadline or to explain otherwise why he has standing to object to the State's Claim. Therefore, the Court

ORDERS the Objection is OVERRULED.

Dated March 4, 2026            BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court